**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **MARCHELLE PHILLIPS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| **v.** ) | |
| ) | **CIVIL ACTION NO:**   3:21cv148 |
| **PEPSICO, INC.** ) | |
| ) | **JURY TRIAL DEMANDED** |
|     **Serve:  Registered Agent** ) | |
|           **CT Corporation System** ) | |
|           **4701 Cox Rd Ste 285** ) | |
|           **Glen Allen, VA 6808** ) | |
|           **Norfolk, VA 23502-3945** ) | |
| ) | |
| **and** ) | |
| ) | |
| **BOTTLING GROUP, LLC** ) | |
| ) | |
|     **Serve:  Registered Agent** ) | |
|           **CT Corporation System** ) | |
|           **4701 Cox Rd Ste 285** ) | |
|           **Glen Allen, VA 6808** ) | |
|           **Norfolk, VA 23502-3945** ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

## COMPLAINT

Plaintiff, Marchelle Phillips ("Phillips" or "Plaintiff"), by counsel, brings this action

against Defendant Pepsico, Inc. ("Pepsi") and Bottling Group, LLC ("Bottling") (jointly

"Defendants") for damages and alleges as follows:

## THE PARTIES

1.    Plaintiff Phillips is a natural person, and at all times relevant hereto was, a citizen of the

Commonwealth of Virginia, residing in the town of Williamsburg, Virginia.

2.      Defendant Pepsi is a North Carolina corporation conducting business in the Commonwealth of Virginia.

3.      Defendant Bottling is a Delaware corporation conducting business in the Commonwealth of Virginia

4.      At all times relevant hereto, Defendants acted by and through its agents, servants and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

## JURISDICTION AND VENUE

5.      This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5.  Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Prior to instituting this suit, Phillips timely filed two administrative claims with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on January 23, 2020 and February 3, 2020.  Plaintiff's Charge of Discrimination was filed concurrently with the Virginia Division of Human Rights, under the two agencies "work-sharing agreement.  A true and correct copy of the Charge of Discrimination is attached to this complaint and incorporated by reference as Exhibits "A".

7.      The EEOC failed to resolve the claims and issued a right-to-sue letters dated December 7, 2020.  A true and correct copies of the right-to-sue letter is attached to this complaint and incorporated by reference as Exhibit "B".  Plaintiff has filed her complaint within 90 days from the date she received her notice authorizing the right to bring this action.

## STATEMENT OF FACTS

8.      Phillips is a black female.

9.      She was employed as a Warehouse Supervisor for Defendants until September 12, 2020 but began her tenure with the company on November 15, 2015.

10.     At the beginning of this 2020, Defendants relocated Phillips from Pepsi Beverage Company Florida location 11315 N. 30th St. Tampa, Florida to its 1520 Willis Road, North Chesterfield, VA 23237 ("Richmond location").  As a result, Phillips moved her family to Williamsburg, Virginia.

11.     Phillips husband also works for Defendants, at their Newport News location.

12.     On August 26, 2020, Phillips witnessed employees, Jerry Compton ("Compton") (a black male) and Donnell Johnson ("Johnson") (a black males), acting inappropriately.  Members of Defendant's management were handing out free t-shirts to their hourly employees.  Messrs. Compton and Johnson were insistent on taking more than the allotment of one-per-employee. Phillips reprimanded Compton.  Compton continued to misbehave and disrespect Phillips.

13.     Phillips commented to another member of management, Moshea Black, Sr. ("Black") (a Black male) "Why do we as a people have to be like that?  Why can't we just take one shirt for a job well done? Why do we have to act Niggerish? We are already going through a rough time and are stereotyped."

14.     At the time, Pepsi had an employment policy posted on its "WAREHOUSE COMMUNICATIONS BOARD" at its Richmond location specifically reading:

    PER OUR COMPANY ZERO TOLERANCE POLICY THE USE OF THE N WORD
    WILL NO LONGER BE TOLERATED IN THE WAREHOUSE OR INSIDE THIS
    FACILITY.  FIRST OFFENSE: YOU WILL BE ASKED TO CLOCK OUT FOR THE
    DAY. SECOND OFFENSE: YOU WILL BE ASKED TO STAY HOME PENDING
    FORMAL INVESTIGATION.  WHICH CAN LEAD TO TERMINATION.

15.     With regard to Phillips, Defendants did not honor their express policy.  Instead, Defendants fired Phillips.

16.     Defendants' actions are directly contrary to its treatment of two of Phillips coworkers: (i) Nicole Spence ("Spence"); and (ii) Jason Blankenship ("Blankenship").

17.     Spence is a white female.  Phillips replaced Spence as Warehouse Supervisor.  Prior to being replaced by Phillips, Spence was disciplined for racial insensitivity.  Specifically, she was accused of calling one black employee a "monkey" and another "boy."   Unlike Phillips, Defendants permitted Spence to transfer from the Richmond area to Florida as a result of her performance issues.  Importantly, Defendants' company policies prohibit employee transfers if they have any disciplinary issues.  Accordingly, also unlike Phillips, Spence was never formally disciplined for her conduct.

18.     Blankenship is a white male.

19.     Upon information and belief, Blankenship was transferred from Defendants' Roanoke Virginia location to the Richmond location because of allegations of improper conduct with a female employee.  Again, Defendants' company policies prohibit employee transfers if they have any disciplinary issues.

20.     Mr. Blankenship heard of Phillip's comment regarding Compton's behavior and demanded Phillips be fired.  Defendants capitulated to Blankenship's demand and fired Phillips without first following the written company policy on use of the "N word."

<u>COUNT I</u>
**Racial Discrimination in Violation of Title VII**
(42 USC 2000e *et seq*.)

21.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

22.     The Defendants' conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII.

23.     The stated reasons for Defendants' conduct were not the true reasons, but instead were pretext to hide Defendant's discriminatory animus.

24.     Defendants discriminated against Plaintiff based on her race.

25.     Unlike her white coworkers, Plaintiff was not permitted to continue working and/or being transferred following a disciplinary action.

26.     Defendants' conduct was intentional and its violations of federal law were willful.

27.     As a direct and proximate result of Defendants' violation of Title VII based on Plaintiff's race, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

28.     Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses pursuant to Title VII.

29.     Due to the severity of Defendants' conduct, Plaintiff is also entitled to punitive damages.

## COUNT II
### Gender Discrimination in Violation of Title VII
(42 USC 2000e *et seq.*)

30.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

31.     The Defendants' conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII.

32.     The stated reasons for Defendants' conduct were not the true reasons, but instead were pretext to hide Defendants' discriminatory animus.

33.     Defendants discriminated against Plaintiff based on her gender.

34.     Unlike her male coworkers, Plaintiff was not permitted to continue working and/or being transferred following a disciplinary action.

35.     Defendants' conduct was intentional and its violations of federal law were willful.

36.     As a direct and proximate result of Defendant's violation of Title VII based on Plaintiff's gender, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

37.     Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses pursuant to Title VII.

38.     Due to the severity of Defendant's conduct, Plaintiff is also entitled to punitive damages.

**COUNT III**
**Racial Discrimination in Violation of Virginia Human Rights Act**
(Va. Code § 2.2-3900 *et seq.*)

39.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

40.     Va. Code § 2.2-3905 prohibits any employment practice that discriminates against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's race and/or color.

41.     Defendants employ or employed more than fifteen persons at all relevant times herein.

42.     Defendants discriminated against and discharged Plaintiff on the basis of her race and/or color (black) in violation of Va. Code § 2.2-3905.

43.     A cause of action in this Court lies under Va. Code § 2.2-3908 and Plaintiff prays that she be awarded the full extent of damages available to her thereunder, including but not limited to

compensatory and punitive damages, reasonable attorney fees and any permanent or temporary injunctive relief as this Court may deem appropriate and/or necessary.

## COUNT IV
### Sex Discrimination in Violation of Virginia Human Rights Act
(Va. Code § 2.2-3900 *et seq.*)

44.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

45.     Va. Code § 2.2-3905 prohibits any employment practice that discriminates against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's sex.

46.     Defendants employ or employed more than fifteen persons at all relevant times herein.

47.     Defendants discriminated against and discharged Plaintiff on the basis of her sex (female) in violation of Va. Code § 2.2-3905.

48.     A cause of action in this Court lies under Va. Code § 2.2-3908(C) and Plaintiff prays that she be awarded the full extent of damages available to her thereunder including but not limited to compensatory and punitive damages, reasonable attorney fees and any permanent or temporary injunctive relief as this Court may deem appropriate and/or necessary.

49.     A cause of action in this Court lies under Va. Code § 2.2-3903(C) and Plaintiff prays that she be awarded the full extent of damages available to her thereunder.

## COUNT V
### Racial Discrimination in Violations of Section 1981
(42 U.S.C. § 1981)

50.     Plaintiff respectfully incorporates by reference Paragraphs One through 23 as if set out in full herein.

51.     Defendants intentionally discriminated against Plaintiff, who is Black.

52.     Defendants racially discriminated against Plaintiff in interfering with the wages, benefits, privileges, terms and conditions of the Plaintiff's employment relationship with Defendants.

53.     Defendants racially discriminated against Plaintiff in that he was a member of a protected class, an adverse employment action occurred and similarly situated white coworkers of Plaintiff were treated differently.

54.     As a result of the racial discrimination, Defendants deprived Plaintiff of constitutional and statutory rights motivated by racial considerations.

55.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer loss of income, damage to career, loss of career opportunity, inconvenience, loss of enjoyment of life, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his statutory rights and other consequential damages.

56.     At all times material hereto, the Defendants' acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and statutory and common law rights of Plaintiff.

JURY DEMAND

**Plaintiff demands a jury trial.**

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Marchelle Phillips, prays for entry of judgment in favor of Plaintiff and against Defendants PepsiCo, Inc. and Bottling Group, LLC, in the form of the following relief:

a.      Back Pay;

b.      Front Pay;

c.      Compensatory Damages;

d.      Punitive Damages;

e.      Temporary and/or Permanent Injunction;

f.      Attorneys' fees and court costs associated with this suit; and

g.      Other such relief as may be appropriate to effectuate the purpose of justice.

Date: March 5, 2021                        Respectfully submitted,

                                           MARCHELLE PHILLIPS

                                           _____/s/__Todd M. Gaynor_____
                                           Todd M. Gaynor, Esquire
                                           Virginia Bar No.: 47742
                                           GAYNOR LAW CENTER, P.C.
                                           440 Monticello Avenue, Suite 1800
                                           Norfolk, Virginia 23510
                                           PH: (757) 828-3739
                                           FX: (75) 257-3674
                                           EM: tgaynor@gaynorlawcenter.com
                                           *Counsel for Plaintiff*